UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

| | |
|---|---|
| CHRISTOPHER SADOWSKI,<br>　　　　　　　　　　　Plaintiff,<br><br>　　　vs.<br><br>JUAN VALENTIN d/b/a<br>www.mitamborildigital.com; and DOES<br>1 through 10 inclusive,<br>　　　　　　　　　　　Defendants. | Civil Action No.　1:18-cv-08933(ALC)<br><br>Jury Trial Demanded<br><br><br>**ANSWER, AFFIRMATIVE<br>DEFENSES AND<br>COUNTERCLAIMS** |

------------------------------------------------------------- x

　　　　Defendant Juan Valentin ("Valentin") responds as follows to the complaint against him in the above matter by Christopher Sadowski ("Sadowski" or "Plaintiff") as follows:

1.　　Valentin admits the truth of the allegations contained in Paragraphs 1 and 2 of the Complaint.

2.　　Valentin admits that the Court has personal jurisdiction over him because he conducts business in Rockland County, in the State of New York. Except as expressly admitted herein, Valentin denies the truth of the remaining allegations of Paragraph 3 of the Complaint.

3.　　Valentin denies the truth of the allegations in the first sentence of Paragraph 4 of the Complaint. Valentin admits that he resides within this judicial district but denies the truth of the remaining allegations of the second sentence of Paragraph 4 of the Complaint.

4.　　Valentin is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 5 of the Complaint and, accordingly, denies the same and leaves Plaintiff to his proofs relative thereto.

5.　　Valentin admits the truth of the allegations of Paragraph 6 of the Complaint.

6.   Valentine admits that he operates a blog at www.mitamborildigital.com and admits that there is a document attached as Exhibit A to the Complaint. Except as herein specifically admitted, Valentin denies the truth of the remaining allegations of Paragraph 7 of the Complaint.

7.   Valentin admits that his blog is a Spanish language news site catering to the Dominican Republic community. Except as herein specifically admitted, Valentin denies the truth of the remaining allegations of Paragraph 8 of the Complaint.

8.   Valentin is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 9 of the Complaint and, accordingly, denies the same and leaves Plaintiff to his proofs relative thereto.

9.   With respect to the allegations of numbered paragraph 10 of the Complaint, it is believed no response thereto is required. To the extent that a response is required, Valentin denies the truth of the allegations contained in Paragraph 10 of the Complaint.

10.   Valentin is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of the Complaint and, accordingly, denies the same and leaves Plaintiff to his proofs relative thereto.

11.   Valentin is without knowledge or information sufficient to form a belief about the truth of the allegations of the first sentence of Paragraph 12 of the Complaint and, accordingly, denies the same and leaves Plaintiff to his proofs relative thereto. Valentin admits that there was a document annexed to the Complaint as Exhibit B. Except as herein specifically admitted with regard to the second sentence of Paragraph 12 of the Complaint, Valentin denies the truth of the remaining allegations contained therein.

12.   Valentin is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraphs 13 and 14 of the Complaint and, accordingly, denies the same and

leaves Plaintiff to his proofs relevant thereto except that Valentin admits that there was a copy of a document attached as Exhibit C to the Complaint.

13. Valentin denies the truth of the allegations in Paragraph 15 of the Complaint.

14. Valentin is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 16 of the Complaint and, accordingly, denies the same and leaves Plaintiff to his proofs relative thereto except that Valentin admits that there was a document attached as Exhibit D to the Complaint.

15. Valentin denies the truth of the allegations of Paragraph 17 of the Complaint.

16. Valentin is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 18 of the Complaint and, accordingly, denies the same and leaves Plaintiff to his proofs relative thereto.

17. Valentin denies the truth of the allegations of numbered paragraphs 19 and 20 of the Complaint.

18. With respect to the allegations of Paragraph 21 of the Complaint, Valentin repeats and realleges his responses to Paragraphs 1 through 20, as if fully set forth herein in their entirety.

19. Valentin is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 of the Complaint and, accordingly, denies the same and leaves Plaintiff to his proofs relative thereto.

20. Valentin denies the truth of the allegations in Paragraphs 23, 24, 25 and 26 of the Complaint.

21. With respect to the allegations in Paragraph 27 of the Complaint, Valentin repeats and realleges his responses to Paragraphs 1 through 26 as if fully set forth herein in their entirety.

22. Valentin denies the truth of the allegations in Paragraphs 27, 28, 29, 30, 31, 32, 33 and 34 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

23. The Complaint fails to state causes of action for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

24. Valentin has not infringed and is not infringing any valid copyright claim of Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

25. Valentin has a complete defense to any claim of copyright infringement as stated in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

26. Valentin has not violated 17 U.S.C. §1202.

### VALENTIN'S COUNTERCLAIMS FOR DECLARATIONS OF NON-INFRINGEMENT AND NON-VIOLATION OF 17 U.S.C. §1202

Defendant Valentin (hereinafter still referred to as "Valentin") asserts the following counterclaims against Plaintiff Christopher Sadowski (hereinafter still referred to as either "Sadowski" or "Plaintiff").

692534.1

## THE PARTIES

27. Valentin is an individual resident of Rockland County, New York residing at 130A West Street, Apt. 60, Haverstraw, NY 10927.

28. Upon information and belief Plaintiff is an individual resident of Hawthorne, New Jersey.

29. These counterclaims arise under Rule 13, Fed.R.Civ.P., and under The Declaratory Judgement Act, 28 U.S.C. §§2201 and 2202 and under the Copyright Laws of the United States of America 17 U.S.C. §101 et seq.

30. This court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§1331, 1338, 2202, and 2201.

31. Venue is proper in this district pursuant to 28 U.S.C. §1391(a) and 1400(a).

## NATURE OF THE ACTION AND BASIS FOR COUNTERCLAIMS

32. Valentin is originally from a small town called Tamboril in the Dominican Republic, has limited command of the English language and earns a modest living from his landscaping business in Rockland County, New York.

33. As a service to residents of his home town, for some years Mr. Valentin has, from time to time, included items on a blog accessible at www.mitamborildigital.com for the sole purpose of providing news and information which might be of interest to subscribers to his blog in his hometown of Tamboril. According to Mr. Valentin's best information and belief, the majority of people who access his blog, access it in his home town of Tamboril, Dominican Republic.

34. On or about September 20 or 21, 2016, in reviewing a Spanish language web site at www.diariolibre.com, Mr. Valentin saw a photograph and a news article concerning police activity in Patterson, New Jersey involving a 25 year old Dominican, Christian Cuevas.

Thinking that, since a Dominican Republic citizen was involved, the article would be of interest to subscribers to his blog, Mr. Valentin copied the news article and the photograph which Plaintiff has alleged to be his property, from the article, and included it on his blog.

35. The photograph which appeared on www.diariolibre.com did not have any copyright notice on it or adjacent to it and did not include any notification that the photograph or the story were proprietary to anyone. Consequently, even if Mr. Valentin was familiar with United States laws of copyright, (which he is not), Mr. Valentin's only interest was to provide "hot news" which he thought would be of interest to subscribers to his blog in Tamboril. Annexed hereto and identified as Counterclaim, Exhibit 1 is a copy of the website of www.diariolibre.com, which on October 28, 2018, was still accessible and which was precisely the same as the site as seen by Valentin on or about September 20 or 21, 2016.

36. The copyright of Plaintiff which the Complaint alleges Valentin infringed, is evidenced by Copyright Registration No. VA 2020908 of September 30, 2016 which is a group registration for 103 photographs. Annexed hereto and identified as Counterclaim Exhibit 2 is a photostatic copy of a printout from the official U.S. Copyright Office website confirming that the photograph that Mr. Valentin is alleged to have infringed, is one of 103 photographs in that copyright registration.

37. In February of 2017 Valentin was contacted by a representative of Plaintiff's counsel, who advised Valentin that the subject photograph was proprietary with Plaintiff. Upon receiving such notification Valentin promptly deleted the photograph from his blog and confirmed to a representative of Plaintiff's counsel that he had deleted it and that he had no knowledge that it was anyone's protected property. Plaintiff's counsel's office received Valentin's statement to that effect on February 11, 2017.

38. By an e-mail dated February 28, 2017 a representative of Plaintiff's counsel's office acknowledged prompt removal by Valentin of the image, but demanded a payment from Mr. Valentin of $2,500 to "settle the matter outside of Court". As the income which Valentin earns from his landscaping business is modest at best and since he makes virtually no money from his blog (only about $750 per year from some advertisements which barely covers his expenses in maintain the blog) Valentin could ill afford the payment demanded and was hopeful that the prompt removal of the photograph as soon as he was advised that it was proprietary, would resolve the matter and permit him to continue the primary purpose of his blog, which was and is, to be informative and helpful to residents of his hometown.

39. Annexed hereto and identified as Counterclaim Exhibit 3, is an e-mail string which confirms the allegations of Paragraphs 37 and 38 above.

40. The purpose and character of Valentin's use of the photograph at issue was not of a commercial nature but, instead, was for non-profit educational purposes with respect to the residents of his hometown in Tamboril.

41. Plaintiff's purpose in capturing and publishing the photograph at issue was to be able to sell and license it. In contradiction, Valentin's purpose was informational and educational with respect to the subscriber's to his blog in his hometown in Tamboril.

42. Valentin's discovery of the photograph in an article on diariolibre.com did not contain any indication that the work was proprietary and his copying of the photograph was innocent and not an intentional violation of anyone's rights (see Counterclaim Exhibit 1).

43. The photograph at issue of the police, involved a Dominican subject (which is what made it of interest to Valentin's blog's subscribers) and was the capturing of an historic fact. The publication on diariolibre.com of the photograph at issue bolsters the characterization of the

work as factual in spite of its creative elements.  Valentin's use of photograph as illustrative of the contents of the article which related to a Dominican subject was of a nature entirely different from that of Plaintiff's use.

44. Valentin's use of the single photograph at issue was one of one hundred three photographs of the copyrighted work.

45. Valentin's use of the photograph in a blog directed to and viewed primarily only by residents of a small town in the Dominican Republic had no effect on Plaintiff's potential market for or value of 1 of his 103 photographs, particularly since the photograph was of an incident that occurred in Patterson, New Jersey on or about September 20, 2016 and was therefore of little or no interest to anyone thereafter.

## FIRST COUNTERCLAIM

46. Valentin reasserts and realleges each and every allegation contained in numbered Paragraphs 27 through 45 as if fully set forth herein in their entirety.

47. Upon information and belief the claim of copyright infringement in the Complaint is unenforceable because Valentin's use of the photograph was a fair use pursuant to 17 U.S.C. §107.

48. Accordingly, Valentin requests a declaration of non-infringement of the copyright in suit.

## SECOND COUNTERCLAIM

49. Valentin reasserts and realleges each and every allegation contained in Paragraphs 27 through 45 as if fully set forth herein in their entirety.

50. The photograph which Valentin included in his blog of Complaint Exhibit D, was obtained by Valentin from the website www.diariolibre.com and did not have any copyright notice on it and did not give any attribution to Plaintiff.

51. Accordingly, Valentin requests a declaration of non-infringement of 17 U.S. C. §1202.

## PRAYER FOR RELIEF

WHEREFORE:

A. Valentin respectfully requests judgement declaring that his use of 1 of the 103 photographs of Plaintiff in the asserted copyright registration was not an infringement but was a fair use.

B. Valentin respectively requests judgment declaring that he did not violate 17 U.S.C. §1202.

C. Valentin respectively requests that the Complaint be dismissed in its entirety, with prejudice, and that Plaintiff take nothing thereby.

D. Valentin respectively requests that he be awarded his attorney's fees and full costs in this litigation under 17 U.S.C. §505.

E. Valentin respectively requests such other and further relief as the court deems just and proper.

Defendant demands trial by jury of all issues so triable.

| | |
|---|---|
| New York, New York<br>December 3, 2018 | Respectfully submitted,<br><br>By:    s/Philip H. Gottfried<br><br>AMSTER ROTHSTEIN & EBENSTEIN LLP<br>Philip H. Gottfried<br>90 Park Avenue<br>New York, NY 10016<br>Tel.: 212-336-8000<br>Fax: 212-336-8001<br>pgottfried@arelaw.com<br><br>***ATTORNEYS FOR DEFENDANT***<br>***JUAN VALENTIN*** |

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 3, 2018, the foregoing ANSWER AND AFFIRMATIVE DEFENSES AND COUNTERCLAIMS and a copy of the Exhibits thereto was served on the Plaintiff by sending a copy of the same via email and first class mail to the counsel of record for Plaintiff Christopher Sadowski as follows:

    Rayminh L. Ngo, Esq.
    HIGBEE & ASSOCIATES
    1504 Brookhollow Drive, Suite 112
    Santa Ana, CA 92705
    e-Mail: rngo@higbeeassociates.com


                                        s/Philip H. Gottfried

                                        Philip H. Gottfried
                                        AMSTER ROTHSTEIN & EBENSTEIN LLP
                                        Philip H. Gottfried
                                        90 Park Avenue
                                        New York, NY 10016
                                        Tel.: 212-336-8000
                                        Fax: 212-336-8001
                                        pgottfried@arelaw.com

                                        ***ATTORNEYS FOR DEFENDANT***
                                        ***JUAN VALENTIN***

692534.1